# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW YORK MARINE & GENERAL INSURANCE COMPANY, | : : : |
| Plaintiff, | : : : |
| v. | : Civil Action No.: _____ : |
| LIBERTY INSURANCE CORP., OHIO CASUALTY INSURANCE COMPANY, | : : : |
| Defendants; | : : |
| MEHL ELECTRIC COMPANY, INC. Nominal Defendant/interested party. | : : |

## COMPLAINT SEEKING DECLARATORY RELIEF

Plaintiff, New York Marine & General Insurance Company ("New York Marine"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against defendants, Liberty Insurance Corp. ("Liberty") and Ohio Casualty Insurance Company ("Ohio"). Mehl Electric Company, Inc. ("Mehl") is named as a nominal defendant/interested party because, if New York Marine fails in this action, Mehl will be liable for breach of agreement to procure insurance coverage.

## NATURE OF ACTION

1. This insurance coverage action arises out of accidental injuries sustained by an underlying plaintiff while he was performing work at the Prudential Center in Newark, New Jersey.

1

2. The work was initiated by Devils Arena Entertainment ("Devils"), which owns the Prudential Center.

3. Devils is insured under a liability insurance policy issued by plaintiff New York Marine.

4. Devils retained Phelps Construction Group, LLC ("Phelps") to serve as general contractor.

5. In turn, Phelps retained Mehl to serve as a subcontractor. That agreement (the "Subcontract") is attached hereto as Exhibit "A."

6. Mehl is insured under liability insurance policies issued by Liberty Insurance Corp. ("Liberty") and Ohio Casualty Insurance Company ("Ohio"). The Liberty Policy is attached hereto as Exhibit "B."

7. The Liberty Policy provides $2 Million in limits, and the Ohio Policy provides $10 Million in limits.

8. As part of its subcontract with Phelps, Mehl agreed to ensure that Phelps and Devils were additional insureds under Mehl's liability policies.

9. Mehl also agreed to indemnify Phelps and Devils with regard to injuries arising out of Mehl's work, including injuries to Mehl's employees.

10. On January 8, 2019, while working as an employee of Mehl at the Prudential Center, Nicholas DePhillips sustained serious injuries.

11. As a result of those injuries, Mr. DePhillips initiated suit against Devils and Phelps, and Devils and Phelps tendered to Liberty and Ohio.

12. The lawsuit styled *Nicholas DePhillips v. Phelps Construction Group, et al.,* No. ESX-L-001371-19, was initiated by Complaint in the Superior Court of New Jersey, Essex County ("Underlying Lawsuit"). The Operative Complaint is attached hereto as Exhibit "C."

13. On December 21, 2020, Mehl's was added as a direct defendant, despite being plaintiff's employer, on the basis that Mehl's allegedly knowingly and deliberately exposed plaintiff to a hazardous work environment.

14. Liberty and Ohio are commonly owned and have responded to Devil's tenders in tandem, acknowledging coverage, but also taking the position that only $1 Million of their policies' $12 Million in liability coverage is immediately available to Devils.

15. As discussed below, Liberty and Ohio are both relying upon an unrealistically restrictive interpretation of their respective policies.

## THE PARTIES

16. Plaintiff New York Marine is a property and casualty insurance company organized in the State of New York, with its principal place of business located at 412 Mount Kemble Avenue, Suite 300C, Morristown, New Jersey.

17. Defendant Liberty is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

18. Defendant Ohio is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 9450 Seward Road, Fairfield, Ohio 45014.

19. As a nominal defendant, against whom no relief or declaration is sought, Mehl's citizenship is not at issue.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between New York Marine (a New York corporation with a principal place of business in New Jersey), Liberty (a Massachusetts corporation with a principal place of business in Massachusetts), and Ohio (an Ohio corporation with a principal place of business in Ohio), and the matter in controversy exceeds the sum or value of $75,000.

21. This Court has personal jurisdiction over the defendants, because at all relevant times, they have transacted business in this judicial district.

22. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(3) because a substantial part of the events or omissions giving rise to this dispute occurred in this district in that the alleged accident and injuries that are the subject of the Underlying Lawsuit, out of which this insurance coverage dispute arises, occurred within this district.

23. In this action, New York Marine seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between New York Marine, the primary liability insurer for Devils, concerning, among other things, the scope of Liberty's and Ohio's obligations and duties under primary and excess liability policies, respectively, issued to Mehl for the defense and potential indemnification of Devils in connection with the claims asserted against Devils in the Underlying Lawsuit.

## COUNT I
## DECLARATORY JUDGMENT AGAINST LIBERTY AND OHIO

24. New York Marine incorporates the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25. The Subcontract includes the following language requiring Mehl to procure liability insurance coverage for Devils:

**ARTICLE 13 INSURANCE AND BONDS**

§13.1 The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability:
1) Commercial General Liability (COL) with limits of Insurance of not less than $1,000,000 each occurrence and $2,000.000 Annual Aggregate.
    a) If the CGL coverage contains a General Aggregate Limit, such General Aggregate shall apply separately to each project.
    b) CGL coverage shall be written on ISO Occurrence for CG 00 0 1 (04/13) or a substitute form providing equivalent coverage and shall cover liability arising from premises, operations, independent contractors, products-completed operations and personal and advertising injury.
    c) General Contractor, Owner and all other parties required of the General Contractor shall be included as additional insured for on-going and completed operations on a primary, non-contributory basis before any other insurance or self-insurance, including any deductible, maintained by or provided to the additional insured, using ISO additional insured endorsements CG 20 10 (10/0 1) and CG 10 37 (10/0 l) or endorsements providing equivalent coverage.
    d) Subcontractor shall maintain CGL coverage for itself and all additional insureds for the duration of the project and maintain Completed Operations coverage for itself and each additional insured for at least 3 years after completion of the Work.

\* \* \*

3)   Commercial Umbrella
    a)   Umbrella limits must be at least $2,000,000.
    b)   Umbrella coverage must include as additional insured all entities included on the CGL and must be on primary, non-contributory basis before any other insurance or self-insurance, including any deductible, maintained by or provided to the additional insured.

\* \* \*

Phelps Construction Group, LLC, Devils Arena Entertainment, LLC (DAE) and its affiliates and entities, including without limitations, Harris Blitzer Sports & Entertainment (HBSE), New Jersey Devi1s, LLC, the housing Authority of Newark, and the Newark Parking Authority are to be named as additional insured(s) on a primary basis to the Subcontractor's Comprehensive General Liability using appropriate ISO forms that include Premises Operations Liability, Contractual Liability, Advertising and Personal Injury Liability and Products Liability for both on-going and completed operations. A waiver of subrogation in favor of Phelps Construction Group, LLC, Devils Arena Entertainment, LLC (DAE) and its

affiliates and entities, including without limitations, Harris Blitzer Sports & Entertainment (HBSE), New Jersey Devils, LLC, the housing Authority of Newark, and the Newark Parking Authority is endorsed in the policy. Attached to each certificate of insurance shall be a copy of the Additional Insured Endorsement that is part of the Subcontractor's Commercial General Liability Policy.

26. The Liberty Policy affords additional insured status to Devils pursuant to the following Policy language:

Blanket Additional Insured Where Required By Written Contract

Paragraph 2. of Section II – Who Is An Insured is amended to add the following:
e. Additional Insured by Written Contract or Written Agreement
The following are insureds under the policy when you have agreed in a written contract or written agreement to provide them coverage as additional insureds under your policy:
\* \* \*
(4) Owners, Lessees or Contractors: any person(s) organization(s) to whom you are obligated by a written agreement to procure additional insured coverage, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of your "employees", your agents, or your subcontractors, in the performance of your ongoing operations.

27. The Ohio Policy affords additional insured status to Devils pursuant to the following Policy language:

Throughout this policy the words "you" and "your" refer to the Named Insured. The words "we," "us" and "our" refer to the Company providing this insurance. The word Insured means any person or organization qualifying as such in the "first" underlying insurance."

28. Here, Devil's alleged liability arises out of bodily injury caused in whole or in part by the acts or omissions of Mehl or Mehl's employees. Indeed, plaintiff has alleged that Mehl's fault is so egregious as to override the workers compensation exclusive remedy doctrine.

29. Liberty and Ohio have impliedly conceded this fact by agreeing to defend Devil's without a reservation under their policies.

30. However, through a logically untenable reading of the Policies, Liberty and Ohio assert that only $1 million in liability coverage is available, until such time as other insurers contribute to its additional insureds' liability.

31. Essentially, Liberty and Ohio alleged that $1 million in general liability coverage and $2 million in umbrella liability coverage is materially different (as applied to these facts) than is $2 million in general liability coverage and $1 million in umbrella liability coverage.

32. Read as a whole, the intent of the Liberty and Ohio Policies, and the Subcontract they incorporate, is very clear—to provide $3 million in liability coverage to additional insureds where required by contract.

33. As a practical matter, until such time as the priority of coverage is established, it will be difficult to resolve the underlying case—so Declaratory Judgment would serve the interests of judicial economy and the overall efficiency of case management .

WHEREFORE, Plaintiff New York Marine seeks a Declaration from this Court that Liberty is obligated to provide the first $1 million in liability coverage to Devils, and Ohio is obligated to provide the next $2 million in liability coverage to Devils, along with attorney's fees, costs, and such further relief as the Court deems appropriate.

## COUNT II
### EQUITABLE SUBROGATION/BREACH OF CONTRACT AGAINST LIBERTY

34. New York Marine incorporates the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35. The Liberty Policy includes a duty to defend Devils, on a primary and non-contributory basis, in connection with the *DePhillips* Lawsuit.

36. Liberty acknowledges this fact, but owes reimbursement to New York Marine (as

subrogee of Devils) for defense costs already incurred.

WHEREFORE, Plaintiff New York Marine demands reimbursement of defense costs incurred on behalf of Devils, along with attorney's fees, costs, and such further relief as the Court deems appropriate.

## JURY DEMAND

New York Marine demands a trial by jury on all issues so triable.


Dated:  3/3/21                           Respectfully submitted,

                                                        **STEWART SMITH**

*s/ William F. Stewart*
William F. Stewart, Esq.
300 Four Falls Corporate Center, Suite 670
300 Conshohocken State Road
West Conshohocken, PA 19428
Tel:  (484) 344-5296
Fax: (484) 534-9470
Email: wstewart@stewartsmithlaw.com

*Attorneys for Plaintiff*
*New York Marine & General Insurance Company*